IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:18-CR-30095-NJR |
| WILLIAM L. ISAAC, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant William Isaac pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 41). Isaac is serving a 180-month sentence in the Bureau of Prisons ("BOP") for distribution and receipt of child pornography (Docs. 26, 30).

## THE FIRST STEP ACT OF 2018

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Isaac exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a

finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)

("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

## DISCUSSION

Isaac, who is now 56 years old, asks the Court to grant his request for compassionate release because his diabetes, stage 4 chronic kidney disease, congestive heart failure, high blood pressure, and gout place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 41). For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2).

The Government concedes that Isaac "certainly has serious medical conditions, and suffered from serious medical conditions in the past . . . ." (Doc. 49, p. 26). The Government argues, however, that his medical records simply do not support his compassionate release.

Ultimately, the Court need not make a determination based on Isaac's health in conjunction with any other circumstances because the Section 3553(a) factors, the nature

and circumstances of the offense and the history and characteristics of the defendant weigh in favor of denying Isaac's motion. *See* 18 U.S.C. § 3553(a)(1). As the Government explains in its brief, "[Isaac] has not even been incarcerated long enough to receive any sex offender treatment, despite his obvious predilection for child pornography, and specifically images of minor females between the ages of ten and twelve" (Doc. 49, p. 27). Indeed, "while on pretrial release, Isaac viewed a website that portrayed child rape stories 31 times in a three-day period" (*Id*. at p. 28; Doc. 24, p. 4).

Additionally, to allow Isaac to be released after less than two years of his 15-year sentence would fail to provide just punishment for his offenses. *See* 18 U.S.C. § 3553(a)(2)(A).[1] The Court is concerned that such a short sentence would fail to deter Isaac from further criminal conduct and, thus, would place the community at risk of additional crimes. *See* 18 U.S.C. § 3553(a)(2)(B)-(C).

For these reasons, the Motion for Compassionate Release filed by Defendant William Isaac (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 18, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Isaac is projected to be released on February 15, 2032. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 17, 2020).